IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ADRAGNA, T-68096,<br><br>　　　　Petitioner,<br><br>vs.<br><br>FERNANDO GONZALEZ, Warden,<br><br>　　　　Respondent. | No. C 10-1701 CRB (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner at the California Correctional Institution in Tehachapi, has filed a pro se amended petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## BACKGROUND

After a jury trial resulted in a hung jury, petitioner pleaded guilty to two counts of lewd acts upon a child by force and one count of first degree burglary in Santa Clara County Superior Court. On September 9, 2002, he was sentenced to 20 years in state prison and ordered to pay $10,000 in restitution. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and has been seeking collateral relief from the state courts ever since. It appears that his last state habeas petition was denied by the California Court of Appeal on May 18, 2009.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief by raising three claims: (1) unlawful sentence, (2) ineffective assistance of counsel and (3) prosecutorial misconduct. Liberally construed, the claims appear minimally cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   The clerk shall serve by certified mail a copy of this order and the amended petition (docket # 11) and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2.   Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and

serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  August 19, 2010

CHARLES R. BREYER
United States District Judge